# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

JAMES M. THOMPSON,

    Plaintiff,

    v.

SHERINE HOPE HIGH,

    Defendant,

    v.

WILLIAM E. DAILEY,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. CPU6-22-000045

Submitted: October 22, 2022
Decided:  January 31, 2023

James Thompson
29199 Shady Creek Lane
Dagsboro, DE 19939
*Pro Se*

Dean A. Campbell, Esquire
Dean A. Campbell, P.A.
702 Chestnut Street
Milton, DE 19968
*Attorney for Defendants*

## DECISION ON MOTION TO APPEAL COMMISSIONER'S RECOMMENDATION

On August 9, 2022, James Thompson ("Plaintiff") appealed the Commissioner's Recommendation to grant Defendant's Motion to Dismiss in part and deny in part due to the Motion being premature. For the reasons discussed below, the Commissioner's Findings of Fact

and Recommendation ("Recommendation") is REJECTED in part and ACCEPTED in part and entered as the ORDER of the Court.

## PROCEDURAL AND FACTUAL HISTORY

On January 24, 2022, Plaintiff filed a Complaint in this Court against Sherine Hope High ("High") and William E. Dailey ("Dailey") alleging both made numerous unsubstantiated defamatory statements against him verbally and in writing. Plaintiff alleges High sent Plaintiff's wife an email on April 26, 2021 with these defamatory statements.[1] Plaintiff also alleges Defendants made statements to at least two residents of the Woodlands of Peppers Creek condominium development, where both Plaintiff and Defendants reside, and at least one other person who does not live in the development.[2] Plaintiff fails to distinguish which Defendant made these statements.

Plaintiff asserts that after a brief exchange with High on May 19, 2021, she called 9-1-1 to file a criminal complaint against Plaintiff with unsubstantiated defamatory statements made to the 9-1-1 operator, two law enforcement officers from the Dagsboro Police Department and this honorable Court in a victim impact statement for criminal matter number 2105009649.[3] Plaintiff asserts two phone calls were made to 9-1-1 and the first was unintelligible.[4] Plaintiff states two officers from the Dagsboro Police Department responded to his residence shortly after the second call and interviewed his wife.[5] The Dagsboro Police Department officers interviewed both High and Dailey, who made defamatory statements that are also found in the police report.[6] Plaintiff

---

[1] Complaint ¶ 1.
[2] *Id.*
[3] Complaint ¶ 4-6.
[4] Complaint ¶ 4.
[5] Complaint ¶ 8.
[6] Complaint ¶ 5, 6 and 7.

asserts Dailey could not possibly have heard a "commotion" as the interaction between Plaintiff and High lasted a few seconds and Dailey's house is six units away, approximately 100 yards.[7] Plaintiff claims a Dagsboro Police Department officer interviewed his wife, which was highly upsetting, accusatory and objectionable, and asked for Plaintiff's phone number which she provided to the officers.[8] Cpl. Anthony Valenti, without interviewing Plaintiff or conducting any further investigation, obtained an arrest warrant for Plaintiff.[9] Later that day, the two original Dagsboro Police Department officers and a Frankford Police Department officer arrived in three marked patrol vehicles to Plaintiff's residence and arrested him in plain view of neighbors within the Woodlands of Peppers Creek community.[10] On the evening of May 19, 2021, Plaintiff was charged with one count of harassment and one count of disorderly conduct.[11] At an unknown later date, High submitted a three-page, single-spaced "Victim Statement" to the State as part of the criminal proceedings where Plaintiff asserts High made additional unsubstantiated defamatory statements.[12]

Plaintiff asserts the defamatory statements made by Defendants, both verbally and in writing, affected him personally as well as his marriage including emotional distress and humiliation for, he and his wife in the community.[13] Plaintiff seeks $48,000, representing $1,000 for each of the 48 units in the Woodlands of Peppers Creek condominium community.[14]

---

[7] Complaint ¶ 7.
[8] Complaint ¶ 8.
[9] Complaint ¶ 9.
[10] Complaint ¶ 10.
[11] The State filed a notice of nolle prosequi on both charges on July 21, 2021.
[12] Complaint ¶ 12.
[13] Complaint at * 6.
[14] *Id.*

On February 11, 2022, Defendants filed a Motion to Dismiss. The parties attached the email referenced by Plaintiff in his Complaint though Plaintiff did not attach any exhibits.[15] Defendants assert the email sent by High to Plaintiff's wife consist of statements of opinion and no allegations of fact could be construed as defamatory.[16] In addition, the victim statement and the remaining paragraphs concern High calling the police.[17] Defendants note, apart from the email, only three oral or written statements were made by either Defendant, nothing alludes to what statements were made by Dailey and the victim statement was provided to the prosecutors.[18] Defendants assert statements made to law enforcement are privileged and a defamation claim is inappropriate as public policy demands citizens report crimes or attempted crimes for investigation even if found unfounded in criminal matter.[19]

On April 25, 2021, High emailed Plaintiff's wife stating in part "I have a personal request that I hope you will understand is meant in good faith.[20] For several months, your husband has attempted to bring up COA topics with me by stopping me on the side of the road, blocking me with his vehicle from leaving my driveway, etc."[21] In addition, High states, "I appreciate his apparent frustration, but I'm truly not comfortable meeting him, as I have said on multiple

---

[15] The Court will not convert this matter to a Motion for Summary Judgment based on the attachment to the Defendant's Motion to Dismiss as it is the actual document referenced in Plaintiff's Complaint. "If a plaintiff chooses not to attach a document, e.g., a contract, to a complaint that raises claims based on the document, e.g., a breach of contract, a defendant may properly attach a copy of the document to a motion to dismiss without implicating the motion for summary judgment standard of review." *Lagrone v. American Mortell Corp.*, 2008 WL 4152677 (Del. Super. Sept. 4, 2008).

[16] Defendant's Motion to Dismiss ¶ 5.

[17] Defendant's Motion to Dismiss ¶ 6.

[18] Defendant's Motion to Dismiss ¶ 7.

[19] Defendant's Motion to Dismiss ¶ 10.

[20] Defendant's Exhibit A.

[21] *Id.*

occasions, to review anything.[22] My life is pretty complex at this time, and I don't have capacity for one more stressful situation."[23] Finally, High stated "However, I am truly not interested, and I would greatly appreciate if he would not approach me about this or any other topic. I am just not comfortable and when possible, I do my very best to walk away or skirt into my home."[24] Plaintiff's wife replies, "I will certainly bring your request to Jim's attention. I'm very sorry you have felt uncomfortable, and I sincerely hope you are not put in a stressful position again."[25]

On February 28, 2022, Plaintiff filed an Opposition to Defendants' Motion to Dismiss. Plaintiff asserts he purposely omitted the words libel and slander as Plaintiff referenced numerous libelous written documents and numerous slanderous audio and video records in his Complaint.[26] Plaintiff asserts High's statements in the email to his wife are not opinion.[27] Plaintiff asserts all defamatory statements are either in writing, on audio or in police body camera footage.[28] Plaintiff attached a copy of the police report from his arrest including the interview with High and Dailey.[29] Plaintiff also attached High's victim impact statement.[30]

On April 12, 2022, the Court scheduled a motion hearing for May 31, 2022. On May 31, 2022, Commissioner Bucklin held a hearing for Defendants' Motion to Dismiss. Plaintiff and counsel for both Defendants appeared via Zoom. Commissioner Bucklin reserved decision and explained the parties right to appeal 10 days after the issuance of his order. On August 4, 2022,

---

[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] Plaintiff's Response to Motion to Dismiss ¶ 2.
[27] Plaintiff's Response to Motion to Dismiss ¶ 4.
[28] Plaintiff's Response to Motion to Dismiss ¶ 7.
[29] Plaintiff's Exhibit Number 1.
[30] Plaintiff's Exhibit Number 2.

Commissioner Bucklin issued his recommendation that the allegation of defamation referring to the April 6, 2021 email be dismissed, and the allegations of defamation regarding the reporting of a crime to the Dagsboro Police Department including the victim impact statement be denied as premature. On August 9, 2022, Plaintiff filed an appeal of the Commissioner's Recommendation. On August 15, 2022, the Court sent Plaintiff a letter that to perfect his appeal, he must first comply with the Court's rule to obtain a transcript of the proceeding. On August 24, 2022, Plaintiff filed a request for the transcript of the hearing on May 31, 2022. On September 12, 2022, the transcript was sent to Plaintiff. Plaintiff responded on September 13, 2022 with some grammatical edits. The Court received the transcript on September 26, 2022. On October 17, 2022, Defendants filed a response to Plaintiff's Exceptions to the Commissioners Proposed Findings of Fact.

## STANDARD OF REVIEW

A Commissioner's decision to grant a Motion to Dismiss in part is case dispositive.[31] Appeals from a Commissioner's report regarding case dispositive matters are governed by Court of Common Pleas Civil Rule 12(A)(4).[32] "That rule provides a Judge of the Court shall make a *de novo* determination of those portions of the report or specified proposed findings of fact or recommendations made by the Commissioner."[33] "A Judge may also receive further evidence or recommit the matter to the Commissioner with instructions."[34]

In considering motions to dismiss filed pursuant to CCP Civil Rule 12(b)(6), the Court must assume that all well-pled facts in the complaint are true.[35] The complaint should not be

---

[31] Court of Common Pleas Civil Rule 112(A)(4).
[32] *Id.*
[33] *Platinum Financial Services, Corp. v. Huffman & Huffman*, 2001 WL 155537 at *1 (Del. Super. Oct. 31, 2001).
[34] *Id.*
[35] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).

6

dismissed unless "the plaintiff would not be entitled to recovery under any reasonably conceivable set of circumstances susceptible to proof.[36] "The Court is required to accept only those "reasonable inferences that logically flow from the face of the complaint, [it] is not required to accept every strained interpretation of the allegations proposed by the plaintiff.""[37]

"An allegation, though vague or lacking in detail, is nevertheless, 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it."[38] While, the Court is required to accept only those 'reasonable inferences that logically flow from the face of the complaint,' [it] 'is not required to accept every strained interpretation of the allegations proposed by plaintiff.'[39] Moreover, the Court may dismiss a claim "if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[40] Ultimately, "[d]ismissal is warranted only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[41]

## DISCUSSION

The Recommendation divides the issue into two categories: the original email sent by High to Plaintiff's wife and the criminal complaint filed by the Dagsboro Police Department as part of Plaintiff's arrest and High's victim impact statement provided to the prosecuting agency.

There are five elements of a defamation action, which the plaintiff must plead and prove: (1) the defamatory character of the communication; (2) publication; (3) that the communication

---

[36] *Id.*
[37] *Abdul-Ahad v. Nationwide Mut. Fire Ins. Co.*, 2016 WL 4269512, at * 2 (Del. Com. Pl. Aug.10, 2016)
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Lawyer v. Christiana Care Health System, Inc.*, 2016 WL 2610653, at *3 (Del. Com. Pl. May 6, 2016). (internal citations omitted).

7

refers to the plaintiff; (4) the third party's understanding of the communication's defamatory nature; and (5) injury.[42] Libel is written defamation, and slander is spoken defamation.[43] Slander per se is actionable without proof of special damages.[44] There are four categories where special damages need not be proven.[45] The four categories are statements which: (1) malign one in a trade, business or profession; (2) impute a crime; (3) imply one has a loathsome disease; and (4) impute unchastity to a woman.[46] In the case before the Court, Plaintiff alleges High accused him of committing a crime.

**Criminal complaint and Victim Impact Statement**

High made a 9-1-1 call to police and made statements about Plaintiff and his behavior that day concerning an email she had sent to his wife as well as his behavior within the last few months. In addition, Dailey made statements to police that day as well. The Dagsboro Police Department sought an arrest warrant for Plaintiff and he was subsequently charged with harassment and disorderly conduct. Defendants assert the criminal complaint and victim impact statement are protected by a conditional law enforcement privilege.

The Court accepts the Commissioner's denial of Defendants' Motion to Dismiss these two documents as such a defense is fact-based and may not be concerned under a 12(b)(6) motion. A conditional privilege must be exercised with good faith, without malice and absent any knowledge of falsity or desire to cause harm.[47] If the conditional privilege is abused, the benefit of the privilege may be waived or forfeited.[48] Upon a finding of conditional privilege, the burden shifts to the

---

[42] *McLeod v. McLeod*, 2015 WL 853334 at * 3 (Del. Super. February 26, 2015).
[43] *Id.*
[44] *Better v. Mitchell*, 2004 WL 3312524 at * 2 (Del. Com. Pl. October 5, 2004).
[45] *Id.*
[46] *Id.*
[47] *Meades v. Wilmington Housing Authority*, 875 A.2d 632, Del. 2005
[48] *Id.*

plaintiff to show abuse of the privilege.[49] Whether a conditional privilege has been abused is ordinarily a question of fact.[50] "This Court has held that the affirmative defense of conditional privilege may not be considered in the context of a motion to dismiss pursuant to Rule 12(b)(6)."[51]

## High's Email to Plaintiff's Wife

High contends the email sent to Plaintiff's wife are opinions. The Commissioner held that Plaintiff failed to reference the specific defamatory character of the statement and failed to show how if untrue any statements were understood by his wife to be defamatory based on her response to the email. The Court notes the email is not the only written item Plaintiff asserts are defamatory. Plaintiff states Defendants told two others who live in the same condominium community as well as someone who does not live there. Plaintiff asserts there are numerous written and oral defamatory statements made by Defendants.

The threshold for the showing a plaintiff must make to survive a motion to dismiss is low.[52] "Delaware is a notice jurisdiction. Thus, for a complaint to survive a motion to dismiss, it need only give general notice of the claim asserted."[53] The motion can be granted only when the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible to proof.[54] "This is a relatively low bar because it illustrates that even silly or trivial libel claims can easily survive a motion to dismiss where the plaintiff pleads facts that put the defendant on notice of his claim, however vague or lacking in detail."[55]

---

[49] *Id.*
[50] *Id.*
[51] *Id.*
[52] *Cousins v. Goodier*, 2021 WL 3355471 at * 2 (Del. Super. July 30, 2022).
[53] *Id.*
[54] *Id* at * 3.
[55] *Id.*

The Court finds Plaintiff has sufficiently pled facts to survive a motion to dismiss. Plaintiff asserts the email affected his relationship with this wife and their reputation within the community as well as at least three other individuals received defamatory statements, whether in writing or oral, from Defendants concerning Plaintiff. Whether these statements were defamatory and how Plaintiff was injured are questions of fact. The Court now moves to the substantive content of the email to Plaintiff's wife, which High contends are opinions. In *Riley v. Moyed*, the Delaware Supreme Court embraced an influential four-part test articulated by the United States Circuit Court of Appeals for the District of Columbia to distinguish between actionable false statements of fact and non-actionable opinion.[56] First, the Court should analyze the common usage or meaning of the challenged language.[57] Second, the Court should determine whether the statement can be objectively verified as true or false.[58] Third, the Court should consider the full context of the statement.[59] Fourth, the Court should consider the broader social context into which the statement fits.[60] The four factors apply collectively and in their totality, and often overlap and interrelate.[61]

While High articulates her feelings stemming from Plaintiff's conduct, the Court finds there are more than opinions in the email. High states that for several months Plaintiff has tried to talk to her about the condominium association business by stopping her on the road and blocking her in her driveway so she cannot leave. High states she avoids plaintiff by walking away or skirting into her home. In addition, the context of the communication contemplates an ongoing situation of unwanted communication and contact between High and Plaintiff. High sends the

---

[56] Id at * 4 (citing 529 A.2d 248 (Del. 1987)
[57] *Id.*
[58] *Id.*
[59] *Id.*
[60] *Id.*
[61] *Id.*

email to Plaintiff's wife and starts the email with "I hope you understand that this is made in good faith." The Court finds High clearly anticipated this could be upsetting to Plaintiff's wife.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to dismiss is denied, and the Commissioner's Recommendation is Rejected in part and Accepted in part and entered as the ORDER of the Court.

**IT IS HEREBY ORDERED** this 31st day of January 2023.

The Honorable Rae M. Mims
Judge

Cc:     Shelly Swafford, Judicial Case Manager Supervisor